IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| APRIL FLOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| LIFE INSURANCE COMPANY | § | |
| of NORTH AMERICA, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

COMES NOW, Plaintiff, April Flood, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an employee benefit plan under ERISA, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1.      This Court's jurisdiction over the Plaintiff's claim for long term disability benefits is invoked under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the express jurisdiction found in the ERISA statute under 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 *et seq.* and the

subject disability plan constitutes a "plan under ERISA."

2.      The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3.      Venue is proper within the Northern District of Georgia pursuant to 29 U.S.C. § 1132(e)(2), as the location where the breach took place.

## PARTIES

4.      Plaintiff, April Flood, (hereinafter "Plaintiff"), is currently a resident of Whitfield County, Georgia, and was at the time the breach occurred.

5.      Defendant Life Insurance Company of North America (hereinafter "LINA"), is the party obligated to pay benefits and to determine eligibility for benefits under the Windstream Corporation Long-Term Disability Plan (the "Plan").

6.      LINA is the underwriter for Group Long Term Disability Policy Number LK-0980207, providing long term disability coverage to employees of Windstream Corporation.

7.      LINA is an insurance company authorized to transact the business of insurance in this state, and may be served with process and may be served with process through its registered agent for service of process in the State of Georgia, CT Corporation System, 1201 Peachtree Street NE, Atlanta, GA 30361.

## FACTS

8.      Plaintiff was employed by Windstream Corporation, as a "Service Activation Coordinator."

9.      Windstream provides its employees with group long term disability insurance coverage under LINA policy number LK-0980207.

10.     That provision of group long term disability coverage to employees constitutes an ERISA-governed welfare benefit plan (hereinafter, "LTD Plan").

11.     LINA is the entity responsible for processing claims and adjudicating appeals under the LTD Plan.

12.     Benefits under the LTD Plan are insured by LINA, and LINA has a direct financial conflict of interest in that it both decides LTD claims and pays benefits for those claims out of its own assets.

13.     Plaintiff is a participant or beneficiary of the LTD Plan and is covered by the insurance policy that provides benefits under the LTD Plan.

14.     Plaintiff ceased work on February 4, 2014, due to the combined effects of lupus, fibromyalgia, and migraine headaches, while covered under the LTD Plan.

15.     Plaintiff applied for, and was ultimately approved for, short term disability benefits, under Windstream's short term disability plan, also insured by LINA.

16.     Plaintiff subsequently made a timely application for benefits under the LTD Plan.

17.     LINA ultimately approved this application, and subsequently paid benefits through October 28, 2014.

18.     By letter dated November 4, 2014, LINA terminated Plaintiff's benefits, effective October 28, 2014.

19.     Plaintiff timely appealed this denial by letter dated November 4, 2014.

20.     As part of the appeal, Plaintiff provided LINA with updated medical records, and the opinion of her treating rheumatologist, treating neurologist, and treating family practice nurse practitioner that she was disabled due to severe fatigue associated with lupus.

21.     By letter dated March 13, 2015, LINA denied Plaintiff's appeal.

22.     Though permitted by the policy, LINA never obtained an examination of Ms. Flood, relying exclusively on the opinions of non-examining medical consultants.

23.     According to the terms of the LTD Plan and LINA's final denial letter, Plaintiff has exhausted her required administrative remedies under the Plan.

24.     The entity that made the decision to deny LTD benefits would pay any benefits due out of its own funds.

25.     The entity that made the decision to deny LTD benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

26.     The entity that made the decision to deny LTD benefits allowed its concern over its own funds to influence its decision-making.

### FIRST CAUSE OF ACTION
### FOR PLAN BENEFITS AGAINST THE DEFENDANTS
### PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

27.     Under the terms of the Plan, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

28.     Plaintiff is disabled under the terms of the Plan.

29.     Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

30.     The decision to deny benefits was wrong under the terms of the Plan.

31.     The decision to deny benefits and decision-making processes were arbitrary and capricious.

32.     The decision to deny benefits was not supported by substantial evidence in the record.

33.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled under the Plan, as well as losing the value of any other benefits to which she was entitled pursuant to a finding of disability under the Plan.

34.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1.     A finding in favor of Plaintiff against the Defendant;

2.     Damages in the amount equal to the disability income benefits to which she was entitled from the date her benefits were terminated through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3.     Prejudgment and postjudgment interest;

4.     An Order requiring the Defendant or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;

5.     Plaintiff's reasonable attorney fees and costs; and

6.     Such other relief as this court deems just and proper.

Dated this 20th day of July, 2015.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: *s/Eric L. Buchanan*
   Eric L. Buchanan (#092169)
   414 McCallie Avenue
   Chattanooga TN  37402
   (423) 634-2506

*Of Counsel*
R. Scott Wilson
TN BPR #019661
Eric Buchanan & Associates, PLLC

7